UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-** Case No. 6:18-MJ-1144

**WESLEY KENNETH MCVAY**
_____

**DETENTION ORDER**

THIS CAUSE is before the Court upon the government's motion to detain the Defendant pursuant to 18 U.S.C. § 3142(f)(1)(A). The Defendant is charged in a criminal complaint with receipt and possession of child pornography in violation of 18 U.S.C. § 2255A. After a preliminary hearing, I found probable cause to believe that the Defendant committed the charged crimes. Therefore, a rebuttable presumption arises that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required and reasonably protect the safety of the community. 18 U.S.C. § 3142(e)(3)(E). I conducted a hearing at which counsel presented evidence and proffered information for the Court's consideration.

The Defendant resides in the Middle District of Florida. He has family ties to Florida. These ties maybe sufficient to overcome the presumption of detention, but the presumption remains a factor the Court must consider. *United States v. Quartermaine,* 913 F.2d 910, 916 (11th Cir. 1990)(Even if rebutted, "the presumption 'remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to factors listed in section 3142(g).'").

With respect to the weight of the evidence, a law enforcement officer testified that a laptop was found in Defendant's residence during the execution of a search warrant. Forensic review of the laptop revealed that child pornography was in the process of being downloaded to the computer via a peer-to-peer network when the search warrant was executed. Dozens of other items of child pornography were also found on the laptop. After he was arrested, Defendant admitted that he had child pornography on the computer. Therefore, the weight of the evidence is compelling.

Defendant's history and characteristics reflect that he failed to comply with the legal requirement that he register as a sex offender. He also violated conditions of supervised release in another case in this Court. This is evidence that Defendant is unable or unwilling to comply with the requirements of the law and orders of a court.

Defendant's criminal history reveals two convictions for sexual assault. One of these convictions may result in enhancement of the significant sentence he already faces for violation of § 2255A. These convictions coupled with the evidence in support of the current charges provide ample evidence that Defendant is a danger to the community.

For these reasons, I find that there are no conditions or combination of conditions of release in this case would reasonably assure the Defendant's presence in Court if released and reasonably protect the safety of minor children in the community.

It is therefore **ORDERED** as follows:

(1) Defendant shall be detained pending further proceedings in this case and committed to the custody of the Attorney General for confinement in a

correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Marshals Service
Counsel of Record